UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

---

JOHN GREGORY HANSON,                                   Civil No. 14-86 (JNE/FLN)

        Petitioner,

        v.                                            **REPORT AND RECOMMENDATION**

BERRY A. WILLIS,

        Respondent.

---

This matter is before the undersigned United States Magistrate Judge on the application of Respondent, Berry A. Willis, for leave to proceed in forma pauperis, ("IFP"). (Docket No. 2.)  Respondent's IFP application was filed with a self-styled "Notice of Removal," (Docket No. 1), by which Respondent is attempting to remove this action from state court into federal court, pursuant to 28 U.S.C. §§ 1441, et seq.

The case has been referred to this Court for report and recommendation under 28 U.S.C. § 636 and Local Rule 72.1.  For the reasons discussed below, the Court will recommend that Respondent's IFP application be denied, that his "Notice of Removal" be vacated, and that this matter be immediately terminated.

Respondent's "Notice of Removal" indicates that he is attempting to remove this action from the state district court for Hennepin County, Minnesota.  The caption of the "Notice of Removal" identifies the title of this case as "John Gregory Hanson -v- Berry A. Willis," and the state court case number is shown to be "27-CV-13-15870."

Respondent previously attempted to remove this very same case, (Hennepin County File No. 27-CV-13-15870), to federal court just a few months ago.  In that prior removal

proceeding, Civil No. 13-2663 (ADM/JSM), (hereafter "Willis I"), Magistrate Judge Janie S. Mayeron recommended that the action should be summarily remanded to the state court, because the case is not properly removable to federal court.  Magistrate Judge Mayeron found that the sole claim presented by the Petitioner in this case, John Gregory Hanson, is a claim for a "Harassment Restraining Order," and that Petitioner's claim for relief is based exclusively on a Minnesota state law, Minn.Stat. 609.748.  Because Petitioner's claim is based solely on state law, (and there is no diversity of citizenship), this case could not have been commenced in federal court.  It follows that the case is not removable to federal court, even though Respondent apparently is attempting to bring a counterclaim (and perhaps third party claims) that purportedly are based on federal law.[1]

District Court Judge Ann D. Montgomery adopted Magistrate Judge Mayeron's recommendation in Willis I, and Judge Montgomery ordered that the case be summarily remanded to the state court in which it was initiated.  (See Willis I, Order dated November 1, 2013, [Docket No. 6].)  Respondent has attempted to appeal Judge Montgomery's remand order, and that appeal is currently pending before the Eighth Circuit Court of Appeals.

Respondent has offered no facts, no reasoning, and no legal authority to support his renewed effort to remove this action to federal court.  Judge Montgomery has already determined that this case is not removable, and Respondent cannot seek "a second opinion" by simply filing a new "Notice of Removal."  If Respondent believes that Judge

---

[1] The legal rationale for Magistrate Judge Mayeron's remand recommendation in Willis I is well explained in her Report and Recommendation in that case, (Docket No. 3), and will not be repeated here.

2

Montgomery's ruling in Willis I is wrong, he will have to persuade the Eighth Circuit Court of Appeals to reverse that ruling in the pending appeal in Willis I.

In sum, it has already been determined that this action is not removable to federal court. This Court will therefore recommend that Respondent's current "Notice of Removal" be vacated, and that this proceeding be terminated immediately.[2] Because this case is not removable, the Court will further recommend that Respondent's pending IFP application be summarily denied. See Headd v. Headd, No. 94-1001 (8th Cir. 1994), 1994 WL 558185, (unpublished opinion) (IFP application was properly denied where IFP applicant's attempt to remove a state court action to federal court was found to be improper).

Finally, given Judge Montgomery's recent ruling in Willis I, the Court finds that Respondent's current "Notice of Removal" is redundant and frivolous. Moreover, the Clerk's records show that Respondent has an extensive history of pursuing meritless litigation in this District.

Pro se litigants do, of course, have a right of access to the courts. That right, however, does not ensure an unrestricted opportunity to pursue frivolous, malicious or abusive proceedings. See In re Tyler, 839 F.2d 1290, 1292 (8th Cir. 1988) ("there is 'no constitutional right of access to the courts to prosecute an action that is frivolous or malicious'"), (quoting Phillips v. Carey, 638 F.2d 207, 208 (10th Cir.), cert. denied, 450 U.S. 985 (1981)). "Frivolous, bad faith claims consume a significant amount of judicial

---

[2] The Court is not recommending that this action should be remanded to the state court in which it was commenced, because Judge Montgomery has already entered a remand order in Willis I, and a new remand order would be superfluous. If the Eighth Circuit Court of Appeals affirms Judge Montgomery's ruling in Willis I, (as this Court would expect), then the case presumably will be remanded pursuant to that ruling.

resources, diverting the time and energy of the judiciary away from processing good faith claims." <u>Tyler</u>, 839 F.2d at 1292.   Such "excessive litigation" imposes "unnecessary burdens on, and the useless consumption of, court resources." <u>Id</u>.  A federal court "has authority to control and manage matters pending before it," and "may, in its discretion, place reasonable restrictions on any litigant who files non-meritorious actions for obviously malicious purposes and who generally abuses judicial process." <u>Id</u>. at 1292, 1293.

In light of Respondent's deplorable litigation record, it may soon become necessary to impose restrictions on his ability to pursue further proceedings in this District.  Although this Court will not recommend that such restrictions be imposed at this time, Respondent is now forewarned that if he initiates any more improper proceedings in the future, he may lose his right of unfettered access to the federal court.  If Respondent files any further pleading, motion, notice, or other paper that is plainly meritless, he may added to the Court's roster of "restricted filers," and he may be prohibited from filing anything further in this District without pre-authorization from a judge.

## RECOMMENDATION

Based upon the foregoing and all of the files, records and proceedings herein,

IT IS HEREBY RECOMMENDED that:

1.  Respondent's application for leave to proceed <u>in forma pauperis</u>, (Docket No. 2), be **DENIED**;

2.  Respondent's "Notice of Removal," (Docket No. 1), be **VACATED**; and

4

    3.  This action be immediately **TERMINATED**.


Dated: February 18, 2014

*s/Franklin L. Noel*
FRANKLIN L. NOEL
United States Magistrate Judge

Pursuant to the Local Rules, any party may object to this Report and Recommendation by filing with the Clerk of Court and serving on all parties, on or before **March 10, 2014,** written objections which specifically identify the portions of the proposed findings or recommendations to which objection is being made, and a brief in support thereof. A party may respond to the objecting party's brief within ten days after service thereof.  All briefs filed under the rules shall be limited to 3500 words. A judge shall make a de novo determination of those portions to which objection is made.   This Report and Recommendation does not constitute an order or judgment of the District Court, and it is, therefore, not appealable to the Circuit Court of Appeals.